STATE OF NORTH CAROLINA v. BASS PASS, JR.

No. 7214SC99

(Filed 24 May 1972)

**1. Criminal Law § 33; Robbery § 3— vagueness in testimony**

Where a motel restaurant cashier positively testified that a check she had cashed for a fellow employee was in a cash box taken in a robbery of the motel night clerk, uncertainty in her testimony as to the date she actually cashed the check was immaterial and did not render testimony about the check incompetent to prove defendant's guilt of the robbery.

**2. Criminal Law § 33; Robbery § 3— vagueness in testimony**

Testimony by the operator of a grocery store as to the date he cashed a check taken in a robbery of a motel for a person he identified as the defendant was not so vague and conjectural as to render it incompetent to prove defendant's guilt of the robbery, where the operator testified that he knew he cashed the check in the same month as the robbery, on a Friday, since that is the day of the week a soft drink company services his store, and he gave them the check in payment upon his bill on the same day he cashed it for defendant.

**3. Criminal Law § 34— evidence that defendant was on parole — absence of prejudice**

　　Defendant was not prejudiced by testimony of a State's witness that a person with whom he had talked to find out if defendant was employed on the date of a robbery was a parole officer, where defendant subsequently testified and freely admitted that he had been released from prison on parole prior to the robbery.

ON *Certiorari* to review judgment of *Bowman, Judge,* 9 June 1969 Session of Superior Court held in DURHAM County.

Defendant was tried on his plea of not guilty to an indictment charging him with armed robbery. The prosecuting witness, who was a night clerk at the Eden Rock Motel in Durham, testified that defendant came into the motel shortly after midnight on 17 December 1968, threatened him with a pistol, forced him to lie face down on the floor, and then took his wallet and the cash from the motel's cash drawer at the counter. This witness also testified that following the robbery a locked metal cash box was missing from the desk in the motel office. This box contained receipts from the previous night's operations of the motel restaurant. The cashier of the restaurant identified State's Exhibit 5 as a payroll check which she had cashed for a fellow employee and placed in the cash box on the night of the robbery. The operator of a small grocery store testified that defendant was the person who cashed State's Exhibit 5 at the store after representing himself to be the payee.

The jury found defendant guilty as charged. From judgment imposing a prison sentence, defendant gave notice of appeal but failed to perfect the appeal in apt time and the appeal was dismissed. On 17 November 1971 we granted defendant's petition for certiorari in lieu of an appeal to review defendant's trial and the judgment imposed against him.

　　*Attorney General Robert Morgan by Staff Attorney Donald A. Davis for the State.*

　　*Pearson, Malone, Johnson & Dejarmon by C. C. Malone, Jr., for defendant appellant.*

PARKER, Judge.

Defendant contends error was committed in overruling his objections to evidence concerning State's Exhibit 5. In sup-

port of this contention he argues that the testimony of the cashier of the motel restaurant as to the date she placed the check in the cash box and the testimony of the operator of the grocery store as to the date he cashed the check for the person he identified as the defendant was so "vague and conjectural" as to render any evidence concerning the check irrelevant to prove defendant was the person who perpetrated the robbery. We do not agree.

[1] The check was dated 13 December 1968, which was on Friday, a payday at the motel restaurant. It was a payroll check payable to one of the waiters at the restaurant. The cashier of the restaurant testified she cashed it for the payee, either on Friday, 13 December, or Monday, 16 December 1968. She testified that after cashing the check, she placed it in the cash box and that it was in the cash box on the night of 16 December 1968, when she delivered the box to the night clerk of the motel. The robbery occurred a few hours later, in the early morning of 17 December 1968. In view of the cashier's positive testimony that the check was in the cash box on the night of 16 December 1968 when she delivered it to the night clerk, any uncertainty in her testimony as to the date she actually cashed it for her fellow employee was immaterial.

[2] Similarly, we find no such vagueness as defendant contends in the testimony of the grocery store operator as to the date he cashed the check for the person he positively identified as the defendant. He testified that he knew that he cashed the check in December 1968, on a Friday, since that is the day of the week when the Seven-up people service his store, and he gave them the check in payment upon his bill on the same day he cashed it for defendant. The night clerk of the motel testified he identified defendant as the robber in a lineup at the police station on 22 December 1968. From all of the evidence the jury could find that defendant was in possession of the check and presented it to the grocery store operator to be cashed on Friday, 20 December 1968. The evidence concerning the check was relevant and competent to prove that defendant was the person who committed the robbery.

[3] On cross-examination of the State's witness, King, a detective with the Durham Police Department, defendant's counsel brought out the fact that the witness, in attempting to find

---

---

out if defendant was employed on 16 December 1968, had talked with a Mr. Justice. On redirect examination the solicitor was permitted, over defendant's objection, to have the witness identify Mr. Justice as a State Parole Officer. Defendant contends that this was error in that the jury could infer that he had previously been convicted of a crime. We find it unnecessary to decide whether error was committed or whether defendant's counsel had himself opened the door to the evidence to which he now objects, since defendant in this case suffered no prejudice. He subsequently testified and freely admitted that he had been released from prison on parole on 22 November 1968.

Defendant's remaining assignments of error have not been brought forward or discussed in his brief and are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals. Nevertheless, we have carefully reviewed the entire record and find no prejudicial error. The indictment was in proper form to charge the offense of armed robbery. Defendant was positively identified by the victim of the robbery, who had ample opportunity to observe him at the time the robbery was committed. No objection has been made to the lineup identification, which took place at the police station on 22 December 1968 in the presence of defendant's counsel. The sentence imposed was within statutory limits. In defendant's trial and the judgment imposed we find

No error.

Chief Judge MALLARD and Judge MORRIS concur.